KNEZ LAW GROUP, LLP
FRED J. KNEZ, ESQ SBN 94038
fredknez@knezlaw.com
ANDREW J. KNEZ, ESQ. SBN 296894
andrewknez@knezlaw.com
MATTHEW J. KNEZ, ESQ SBN 303070
matthewknez@knezlaw.com
3890 10th Street
Riverside, CA 92501
Telephone: (951) 742-7681
Facsimile: (951) 742-7685

Attorneys for Plaintiff, JANE DOE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual, and all those similarly situated,<br><br>        Plaintiffs,<br><br> vs.<br><br>TESLA, INC.; BROOKFIELD PROPERTIES (USA II) LLC DBA GALLERIA AT TYLER; JABARI BARTON MARQUIS; and DOES 1 - 100, inclusive,<br><br>        Defendants. | Case No._____<br><br>**COMPLAINT CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JANE DOE ("Plaintiff"), hereby brings this class action against

Defendant, TESLA INC. ("TESLA"), on behalf of herself, and all others similarly

---

**COMPLAINT CLASS ACTION**

situated person, by and through the undersigned attorneys, and alleges based upon personal knowledge as to herself and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by her attorneys.

Plaintiff further brings this action as an individual on behalf of herself only against Defendant, BROOKFIELD PROPERTIES (USA II) LLC dba GALLERIA AT TYLER ("GALLERIA AT TYLER"), and Defendant, JABARI BARTON MARQUIS ("MARQUIS).

## I.    JURISDICTION

1.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because: (a) Plaintiff seeks to represent a class of the thousands of individuals who purchased or leased a TESLA Vehicle, (b) the amount in controversary exceeds $5,000,000, excluding interest and costs; (c) the proposed class consists of more than 100 individuals; and (d) none of the exceptions under this subsection applies to this action.

2.    This Court has personal jurisdiction over Defendants. Defendants, TESLA and GALLERIA AT TYLER conduct substantial business in this District, and at all times relevant hereto have intentionally availed themselves of the laws and markets of this District. As to all named Defendants, including MARQUIS, a

---

**COMPLAINT CLASS ACTION**

significant portion of the acts complained of occurred in the District, and many

Class members suffered harm in the District.

3.      Pursuant to 28 U.S.C 1391(b)(2) venue is proper in this Court

because a substantial part of the events complained of and giving rise to the

claims occurred in this District.

## II.   GENERAL ALLEGATIONS

4.      Plaintiff is the owner of a TESLA Model Y vehicle, manufactured by

TESLA, Inc.

5.      On May 26, 2024, Plaintiff drove to the GALLERIA AT TYLER in

Riverside, California and drove to the parking lot where there was a charging

station. Plaintiff parked her vehicle at a charging station and exited the vehicle to

plug in the charger. Plaintiff then walked to the other side of her vehicle with her

cell phone in hand. Plaintiff then opened her vehicle door and closed the door.

While in her vehicle, Plaintiff used her cell phone to lock her doors using the

TESLA app on her cell phone. After Plaintiff pushed "lock" on the TESLA app,

the icon on the TESLA app changed from unlock to lock indicating to Plaintiff

that the vehicle was locked. Additionally, the vehicle side mirrors closed, also

indicating to Plaintiff that the vehicle was locked from the outside. Based on

those indicators, Plaintiff felt safe in her vehicle, and she fell asleep inside the

vehicle while her vehicle charged. A short time later, while Plaintiff was sleeping,

---

**COMPLAINT CLASS ACTION**

Defendant, MARQUIS approached Plaintiff's vehicle and began aggressively shaking the vehicle. At no time while MARQUIS was shaking the vehicle did the vehicle headlights pulsate or did the vehicle alarm go off. MARQUIS then made his way to Plaintiff's driver's side door, wherein he attempted to open the driver side door. MARQUIS was able to open the driver's side door even though Plaintiff locked the vehicle using her cell phone through the TESLA app when she got into the vehicle, after the icon on the TESLA App indicated to her the vehicle was locked, and after the side mirrors closed alerting Plaintiff that her vehicle was locked.

6.    After MARQUIS opened Plaintiff's vehicle, MARQUIS physically and sexually assaulted Plaintiff inside her vehicle. Plaintiff was honking her horn attempting to alert help. Plaintiff managed to grab her cell phone, and she dialed 911. Plaintiff threw her phone to the passenger side and started yelling: "I hate this Mall, it's full of rapists," and "The charging stations are so slow," in effort to alert the 911 operator of her location. The phone call with 911 lasted approximately seven (7) minutes. At no time, did any security at the GALLERIA AT TYLER come to aid Plaintiff. Plaintiff was unable to see any security in the parking lot during the assault. Eventually, after a substantial time, the police arrived, and Plaintiff was rescued.

**COMPLAINT CLASS ACTION**

7.    TESLA represents to consumers through the TESLA Owner's Manual that the consumer's cell phone can be used as the "primary key" to unlock and lock the vehicle as an alternative to the Key Card provided by TESLA. TESLA has a mechanism that notifies consumers when the car is locked by having the side mirrors fold in. If an occupant is inside the vehicle and utilizes the TESLA app to lock the vehicle, the side mirrors fold alerting the occupant that the vehicle is locked even through the vehicle is not locked from the outside. When the occupant utilizes the TESLA app to lock the vehicle, the occupant clicks on an icon that looks like a lock which switches from an unlock to a lock icon. Both of these mechanisms falsely alert the occupant that the vehicle is locked even though the vehicle is not locked from the outside. This provides a false sense of security to consumers, especially because the TESLA vehicle is completely electric and consumers park at public parking lots for extended periods of time to charge their vehicles. TESLA provides no adequate warning or instruction to consumers regarding this defectively designed locking system leaving the consumer completely unaware.

///

///

//

**COMPLAINT CLASS ACTION**

5

### III.  PARTIES

8.      Plaintiff is a citizen of the State of California and the United States of America and resident of Riverside, California. Plaintiff entered into a contract with TESLA in June of 2023 to purchase a Model Y TESLA.

9.      TESLA is a multinational automotive company, headquartered in Austin, Texas and doing business in the State of California, County of Orange. TESLA manufactured, designed and distributed various models of vehicles, including the Model Y TESLA. Defendant also manufactured and designed the TESLA cell phone app known as "TESLA App." For purposes of this lawsuit, all models of TESLA vehicles will be referred to as the "TESLA Vehicle."  Plaintiff is informed and believes that the manufacturing and design defects complained of herein apply to all models of TESLA Vehicles and the TESLA App is used for all models of TESLA.

10.     GALLERIA AT TYLER is a shopping mall located in Riverside, California and doing business in Riverside, California. Plaintiff is informed and believes that the GALLERIA AT TYLER owns the parking lot wherein Plaintiff was assaulted in her TESLA Vehicle while charging her vehicle at a charging station.

## IV. CLASS ALLEGATIONS

11.     Plaintiff brings this action on behalf of herself, and all others similarly situated pursuant to *California Code of Civil Procedure* Section 382 and *California Civil Code* §1781. The class that Plaintiff seeks to represent is as follows:

> **All persons who purchased or leased a TESLA Vehicle with the same locking system as PLAINTIFF's Model Y, in which the vehicle will not lock from the outside if the TESLA App is used while inside the vehicle to lock the doors.**

12.     The members of this class are so numerous that joinder of all the members would be impracticable. The membership size of the entire class is unknown to Plaintiff at this time.

13.     Plaintiff is informed and believes that membership information of this class is discoverable through TESLA.

14.     There are questions of law or fact common to the members of this class that predominate over any questions affecting only individual members, including, but not limited to:

    a.     Whether TESLA is negligent in the manufacturing, design, inspecting or repair of the TESLA vehicles.

b. Whether TESLA is negligent for not using reasonable care to warn or instruct about the vehicle's dangerous condition or about facts that made the vehicle or the TESLA app likely to be dangerous.

c. Whether TESLA is strictly liable for a manufacturing defect, design defect, or adequate warning defect.

d. Whether TESLA negligently misrepresented the locking system of the TESLA to its consumers.

e. Whether TESLA is in breach of the Implied Warranty of Merchantability.

f. Whether TESLA is in breach of the Implied Warranty of Fitness for a Particular Purpose.

g. Whether TESLA is in violation of the California Consumer Legal Remedies Act ("CLR") pursuant to CA. Civ. Code § 1770)

h. Whether TESLA's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code Sections 17200, et seq.

15. Plaintiff's claims are typical of the claims of the members of the class because they are based on the same conduct by TESLA and the same violations under California Vehicle Code Section 40250, et seq.

**COMPLAINT CLASS ACTION**

16.    Plaintiff will fairly and adequately protect the interest of the class, and Plaintiff has retained competent counsel experienced in complex litigation.

17.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy for the following reasons:

    a.    It is economically impractical for each class member to file individual actions;

    b.    The class is readily definable;

    c.    The case involves the same Defendant regarding common issues of law and fact;

    d.    A class action will enable claims to be handled in an orderly and expeditious manner;

    e.    A class action will eliminate the possibility of repetitious litigation.

///

///

//

**COMPLAINT CLASS ACTION**

1

**FIRST CAUSE OF ACTION**

2

**NEGLIGENCE**

3

4

**(By the Plaintiff and the Class Members against TESLA, and DOES 1**

5

**through 25, inclusive)**

6

18.    Plaintiff incorporates by reference paragraphs 1 through 17 above

7

8

and by such reference incorporates them herein.

9

19.    TESLA designed, manufactured, supplied, installed, inspected, or

10

11

repaired the TESLA vehicle and the TESLA App, and TESLA was negligent in

12

designing, manufacturing, supplying, installing, inspecting, or repairing the

13

14

vehicle and/or TESLA App. Specifically, TESLA was negligent in the design and

15

manufacturing of the locking system because the vehicle does not lock from the

16

outside when using the TESLA App inside the vehicle. The vehicle provides false

17

18

indicators to the occupant that the vehicle has locked when the occupant uses the

19

TESLA App to lock the vehicle inside the vehicle. Plaintiff and Class Members

20

21

were harmed, and TESLA's negligence was a substantial factor in causing

22

Plaintiff's harm.

23

24

25

26

27

28

**COMPLAINT CLASS ACTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

## NEGLIGENCE – FAILURE TO WARN

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25, inclusive)

20.    Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

21.    TESLA manufactured, distributed, or sold the TESLA vehicle and TESLA knew or reasonably should have known that the vehicle was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.

22.    TESLA knew or reasonably should have known that users would not realize the danger and TESLA failed to adequately warn of the danger or instruct on the safe use of the vehicle and the locking system while using the TESLA app.

23.    A reasonable manufacturer, distributor, or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the vehicle and the TESLA App regarding the locking system.

24.    Plaintiff and Class Members were harmed and TESLA's failure to warn or instruct was a substantial factor in causing Plaintiff and Plaintiff's Class harm.

---

**COMPLAINT CLASS ACTION**

1

## **THIRD CAUSE OF ACTION**

2

## **STRICT PRODUCT LIABILTY**

3

4

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25,

5

inclusive)

6

25.    Plaintiff incorporates by reference paragraphs 1 through 17 above

7

8

and by such reference incorporates them herein.

9

26.    Plaintiff and Class Members allege that the TESLA vehicle and

10

11

TESLA App contained a manufacturing defect, or was defectively designed, or

12

did not include sufficient instructions or adequate warnings of potential safety

13

hazards.

14

15

27.    Plaintiff and Class Members were harmed and TESLA's failure to

16

warn or instruct was a substantial factor in causing Plaintiff and Plaintiff's Class

17

18

harm.

19

## **FOURTH CAUSE OF ACTION**

20

## **NEGLIGENT MISREPRESENTATION**

21

22

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25,

23

inclusive)

24

25

28.    Plaintiff incorporates by reference paragraphs 1 through 17 above

26

and by such reference incorporates them herein.

27

28

---

**COMPLAINT CLASS ACTION**

29.     TESLA represented to Plaintiff and the Class Members that their cell phone can be used as the "primary key" for locking the vehicle. TESLA provides an Owner's Manual to consumers when purchasing the vehicle which represents to consumers that they can use their cell phone through the TESLA App to unlock and lock the vehicle as an alternative to using the Key Card provided by TESLA. The TESLA Vehicle has features which notify consumers that the vehicle is locked when it is not, including folding side view mirrors and an icon of a lock on the TESLA App. These features alert consumers that the vehicle is locked and provides a false sense of security. TESLA provides no adequate warning or instruction to consumers regarding this defect, leaving the consumer unaware.

30.     Although TESLA may have honestly believed that their representations were true, TESLA had no reasonable grounds for believing the representations were true when it was made.

31.     TESLA intended for Plaintiff and Class Members to rely on the Representations and Plaintiff and Class Members reasonably relied on TESLA's representations. Plaintiff and Class Members was harmed and Plaintiff and their reliance on TESLA's representation was a substantial factor in causing their harm.

**COMPLAINT CLASS ACTION**

## FIFTH CAUSE OF ACTION

### IMPLIED WARRANTY OF MERCHANTABILITY

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25, inclusive)

32.     Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

33.     Plaintiff and Class Members bought a TESLA vehicle from TESLA and at the time of the purchase TESLA was in the business of selling these goods and/or TESLA held itself out as having the special knowledge or skill regarding these goods.

34.      The TESLA vehicles, their locking system and TESLA App, were not fit for ordinary purpose for which such goods are used, and they did not conform to the quality established by the parties' prior dealings or by usage of trade.

35.     Plaintiff took reasonable steps to notify TESLA within a reasonable time that the TESLA vehicle did not have the expected quality.

36.     Plaintiff and Class Members were harmed and the failure to have the expected quality was a substantial factor in causing the harm.

## SIXTH CAUSE OF ACTION

**IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25, inclusive), Plaintiff alleges:

37.    Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

38.    Plaintiff and Class Members bought a TESLA vehicle which was manufactured and distributed by TESLA.

39.    At the time of the purchase TESLA knew or had reason to know that Plaintiff and Class Members intended to use the TESLA vehicle for a particular purpose, including using their cell phone through the TESLA app to lock the vehicle from inside the vehicle.

40.    At the time of the purpose, TESLA knew or had reason to know that Plaintiff and Class Members was relying on TESLA's skill and judgment to select or provide a TESLA vehicle that was suitable for that particular purpose.

41.    Plaintiff and Class Members justifiably relied on TESLA's skill and judgment and TESLA vehicle was not suitable for the particular purpose.

42.    Plaintiff and Class Members were harmed, and TESLA's breach of the implied warranty was a substantial factor in causing their harm.

**SEVENTH CAUSE OF ACTION**

**CONSUMERS LEGAL REMEDIES ACT (CA. CIV. CODE, § 1770)**

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25, inclusive)

43.    Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

44.    Plaintiff and Class Members claims that TESLA engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that Plaintiff and Class Members was harmed by TESLA's violation.

45.    Plaintiff and Class Members acquired, or sought to acquire, by purchase or lease a TESLA vehicle for personal, family, or household purposes.

46.    TESLA represents to consumers through the TESLA Owner's Manual that the consumer's cell phone can be used as the "primary key" to unlock and lock the vehicle as an alternative to the Key Card provided by TESLA. TESLA has a mechanism that notifies consumers when the car is locked by having the side mirrors fold in. If an occupant is inside the vehicle and utilizes the TESLA App to lock the vehicle, the side mirrors fold alerting the occupant that the vehicle is locked even through the vehicle is not locked from the outside.

---

**COMPLAINT CLASS ACTION**

When the occupant utilizes the TESLA App to lock the vehicle, the occupant clicks on an icon that looks like a lock which switches from an unlock to a lock icon. Both of these mechanisms falsely alert the occupant that the vehicle is locked even though the vehicle is not locked from the outside. This provides a false sense of security to consumers, especially because the TESLA vehicle is completely electric and consumers park at public parking lots for extended periods of time to charge their vehicles. TESLA provides no adequate warning or instruction to consumers regarding this defectively designed locking system leaving the consumer completely unaware. These acts and practices violate, at a minimum, the following sections of the CLRA, including:

     (a)(2)  Misrepresenting the source, sponsorship, approval or certification of goods or services;

     (a)(5)   Representing that goods or services have sponsorships, characteristics, uses, benefits or qualities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

     (a)(7)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

     (a)(9)   Advertising goods and services with the intent not to sell them as advertised.

**COMPLAINT CLASS ACTION**

47.     TESLA's unfair or deceptive acts or practices occurred repeatedly in TESLA's trade or business and were capable of deceiving a substantial portion of the purchasing public.

48.     TESLA knew that the locking system was defective and prone to cause security and safety issues to consumers.

49.     TESLA was under a duty to Plaintiff and Class Members to disclose the defective nature of the vehicles because:

a.     TESLA was in a superior position to know the true state of facts about the defect;

b.     Plaintiff and Class Members could not reasonably have been expected to learn or discover the defective nature of the TESLA locking system;

c.     TESLA knew that Plaintiff and Class Members could not reasonably have been expected to learn or discover the defective nature of the TESLA locking system; and

d.     TESLA actively concealed and failed to disclose the defect to Plaintiff and Class Members.

50.     The facts concealed or not disclosed by TESLA to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase a TESLA.

**COMPLAINT CLASS ACTION**

51.    Plaintiff has provided TESLA with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and seeks injunctive relief at this time. After the notice period expires, Plaintiff will amend this complaint to also seek monetary damages.

52.    Plaintiff and the other Class members' injuries were proximately caused by TESLA's fraudulent and deceptive business practices.

53.    Therefore, Plaintiff and Class Members are entitled to equitable relief under the CLRA.


## **EIGHTH CAUSE OF ACTION**

## **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**

(By the Plaintiff and the Class Members against TESLA, and does 1 through 25, inclusive)

54.    Plaintiff incorporates by reference paragraphs 1 through 15 above and by such reference incorporates them herein.

55.    TESLA's conduct, alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff and the Class Members. Therefore, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure Section 1021.5.

**COMPLAINT CLASS ACTION**

56.     TESLA's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code Sections 17200, et seq.

57.     A violation of California Business & Professions Code Sections 17200 et seq, may be predicated on violations of any state or federal law. In the instant case, TESLA's policies and practices have violated state law in at least the following respects:

a.     Negligently manufacturing, designing, inspecting, repairing and distributing TESLA vehicles.

b.     Negligently failing to warn or instruct about the vehicle's dangerous condition or about facts that made the vehicle or the TESLA app likely to be dangerous to consumers.

c.     Manufacturing, designing, inspecting, repairing and distributing defective vehicles.

d.     Negligently misrepresenting to the general public and consumers the locking system of the TESLA.

e.     Violating the Implied Warranty of Merchantability.

f.     Violating the Implied Warranty of Fitness for a Particular Purpose;

**COMPLAINT CLASS ACTION**

g.      Violating the California Consumer Legal Remedies Act

("CLR") pursuant to CA. Civ. Code § 1770)

58.      Pursuant to California Business and Professions Code sections 17200 et seq. Plaintiff and Class Members are entitled to restitution of the monetary benefits withheld and retained by TESLA; a permanent injunction requiring TESLA to pay all outstanding monetary benefits due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

## PREMISES LIABILITY

(By the Plaintiff against GALLERIA AT TYLER, and does 1 through 25, inclusive)

59.      Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

60.      GALLERIA AT TYLER owned, leased or controlled the parking lot where Plaintiff was sexually assaulted in her vehicle.

61.      The GALLERIA AT TYLER was negligent in the use or maintenance of the property by failing to employ adequate security on the premises.

---

**COMPLAINT CLASS ACTION**

Plaintiff was harmed, and GALLERIA AT TYLER's negligence was a substantial factor in causing Plaintiff's harm.

## TENTH CAUSE OF ACTION

### BATTERY

(By the Plaintiff against MARQUIS, and does 1 through 25, inclusive)

62.    Plaintiff incorporates by reference paragraphs 1 through 17 above and by such reference incorporates them herein.

63.    MARQUIS touched Plaintiff with the intent to harm or offend her. Plaintiff did not consent to the touching and Plaintiff was harmed.

64.    A reasonable person in Plaintiff's position would have been offended by the touch.

65.    The conduct of MARQUIS constitutes oppression, fraud or malice, justifying the imposition of punitive damages against him in an amount to be calculated to punish and deter similar wrongful conduct in the future

///

///

//

---

**COMPLAINT CLASS ACTION**

**WHEREFORE,** Plaintiff and Class Members pray judgment against TESLA, on the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH causes of action as follows:

1. That the court determine that causes of action one through eight may be maintained as a class action, appoint Class Members Representative, and appoint undersigned counsel as class counsel;

2. Award Plaintiff and Class Members compensatory, restitutionary, rescissory, general, consequential, punitive and/or exemplary damages in an amount to be determined at trial;

3. Award pre-judgment interest as permitted by law;

4. Enter appropriate equitable relief;

5. Award reasonable attorneys' fees and costs, as provided for by law; and

6. Grant such other and further relief as the Court deems just and proper.

///

///

//

---

**COMPLAINT CLASS ACTION**

**WHEREFORE,** Plaintiff prays judgment against GALLERIA AT TYLER on the Ninth cause of action as follows:

1. General damages to be determined at trial;

2. For costs of suit herein incurred; and

3. For such other and further relief as the court may deem proper.

**WHEREFORE,** Plaintiff prays judgment against MARQUIS on the Tenth cause of action as follows:

4. General damages to be determined at trial;

5. Punitive damages;

6. For costs of suit herein incurred; and

7. For such other and further relief as the court may deem proper.


DATED: October 18, 2024          Respectfully submitted.

                                 KNEZ LAW GROUP, LLP


                                 By: /s/ Andrew J. Knez
                                     ANDREW J. KNEZ
                                 Attorneys for Plaintiff, BLESSIE PARUNGAO

---

**COMPLAINT CLASS ACTION**

24