UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:24-02226-JAK (SPx) | Date | December 30, 2024 |
|---|---|---|---|
| Title | Jane Doe et al. v. Tesla Inc. et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. 11); APPLICATION FOR LEAVE TO SEAL THE COMPLAINT AND SUBMIT CORRECTED COMPLAINT (DKT. 19)**

**I.    Introduction**

On October 18, 2024, Jane Doe ("Plaintiff"), individually and on behalf of all others similarly situated, brought this class against Tesla, Inc. ("Tesla"), Brookfield Properties (USA II) LLC d/b/a Galleria at Tyler ("Galleria at Tyler"), Jabari Barton Marquis ("Marquis"), and Does 1-100.[1] The Complaint advances nine causes of action: (1) general negligence, (2) negligence – failure to warn, (3) strict product liability, (4) negligent misrepresentation, (5) violation of the implied warranty of merchantability, (6) violation of the implied warranty of fitness for a particular purpose, (7) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770, (8) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, (9) premises liability, and (10) battery. Dkt. 1 ¶¶ 18–65.

On October 21, 2024, Plaintiff filed a Motion for Leave to Proceed Under Pseudonym ("Motion"). Dkt. 11. No opposition was filed.

On November 22, 2024, Plaintiff filed an Application for Leave to Seal the Complaint and Submit Corrected Complaint ("Application"). Dkt. 19. No opposition was filed.

On December 9, 2024, an Order issued stating that the Defendants may file an opposition to the Motion or Application, on or before December 17, 2024. Dkt. 22. No oppositions have been filed. On December 18, 2024, Plaintiff filed a Notice of Non-Opposition. Dkt. 26.[2]

On December 30, 2024, it was determined that, pursuant to Local Rule 7.15, the Motion and Application could be decided without a hearing, and the matters were taken under submission. Dkt. 30.

---

[1] Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten Doe or fictitiously named parties. Accordingly, Doe Defendants 11 through 100 are dismissed.

[2] Local Rule 7-12 provides that the failure by a non-moving party to file any opposition to a pending motion may be deemed consent by that party to the relief sought through the motion; provided, however, L.R. 7-12 does not apply to a non-opposition to a motion for summary judgment. The Motion and Application are within the scope of L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:24-02226-JAK (SPx) | Date | December 30, 2024 |
| Title | Jane Doe et al. v. Tesla Inc. et al. | | |

For the reasons stated in this Order, the Motion and Application are **GRANTED**.

**II.     Background**

A.     Parties

It is alleged that Plaintiff is a citizen of California who resides in Riverside California. Dkt. 1 ¶ 8. It is alleged that she entered into a contract with Tesla in June 2023 to purchase a Model Y Tesla. *Id.*

It is alleged that Tesla is a multinational automotive company whose headquarters is located in Austin, Texas, and which does business in Orange County, California. *Id.* ¶ 9. It is alleged that Tesla manufactured, designed, and distributed various models of vehicles, including the Model Y Tesla. *Id.* It is alleged that Defendant manufactured and designed the Tesla cell phone application known as "TESLA App." *Id.*

It is alleged that Galleria at Tyler is a shopping mall located in Riverside, California. *Id.* ¶ 10. It is alleged that Galleria at Tyler owns the parking lot where Plaintiff was allegedly assaulted in her Tesla vehicle. *Id.*

B.     Substantive Allegations in the Complaint

It is alleged that Tesla represents to consumers that a cell phone can be used as the "primary key" to unlock and lock their vehicles. Dkt. 1 ¶ 7. It is alleged that when an occupant utilizes the TESLA App to lock a vehicle, the occupant clicks on an icon that looks like a lock and that switches from an unlock to a lock icon. *Id.* It is alleged that if an occupant is inside the vehicle and utilizes the TESLA App to lock the vehicle, the side mirrors close, which alerts the occupant that the vehicle is locked. *Id.*

It is alleged that, on May 26, 2024, Plaintiff drove to the Galleria at Tyler in Riverside, California, in her Model Y Tesla, and then went to the charging station located there. *Id.* ¶¶ 4–5. It is alleged that Plaintiff parked her vehicle at a charging station and exited the vehicle to attach a line from the charger to her vehicle. *Id.* ¶ 5. It is alleged that Plaintiff then reentered the vehicle. *Id.* It is alleged that while in her vehicle, Plaintiff used her cell phone to lock her doors using the TESLA App on her cell phone. *Id.* It is alleged that Plaintiff pushed "lock" on the TESLA App, which then changed from unlocked to lock to reflect that the vehicle was locked. *Id.* It is also alleged that the vehicle side mirrors closed, confirming to Plaintiff that the vehicle was locked. *Id.* It is alleged that, based on those indicators that the vehicle was locked, Plaintiff fell asleep inside the vehicle while it charged. *Id.*

It is alleged that while Plaintiff was asleep in the vehicle, Marquis approached the vehicle and began aggressively shaking it. *Id.* ¶ 5. It is also alleged that no alarms went off nor did the headlights pulsate as a result of the shaking by Marquis. *Id.* It is alleged that Marquis then successfully opened the driver's side door. *Id.* It is alleged that Marquis then sexually assaulted Plaintiff while she was inside her vehicle. *Id.* ¶ 6. It is alleged that despite honking her horn and yelling, no security at the Galleria at Tyler came to the location to aid Plaintiff. *Id.*

Plaintiff seeks to represent a class of "[a]ll persons who purchased or leased a TESLA Vehicle with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:24-02226-JAK (SPx) | Date | December 30, 2024 |
|---|---|---|---|
| Title | Jane Doe et al. v. Tesla Inc. et al. | | |

same locking system as PLAINTIFF's Model Y, in which the vehicle will not lock from the outside if the TESLA App is used from inside the vehicle in an attempt to lock the doors. *Id.* ¶ 11.

Plaintiff seeks to recover damages, pre-judgment interest, equitable relief, and attorney's fees and costs. Dkt. 1 at 23–24.

**III.    Analysis**

    A.    Motion for Leave to Proceed Under a Pseudonym

        1.    Legal Standard

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (the title of every complaint shall "name all the parties"). This general rule arises from "the bedrock principle that courts and judicial records are open." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). However, special circumstances may warrant anonymity, such as claims of a " 'sensitive and highly personal nature' " (*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)), or cases where a party is subject to "harassment, injury, ridicule or personal embarrassment" (*United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

District courts have discretion in determining whether parties may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1069. Courts are to use a balancing test in determining whether a plaintiff should be allowed to use a pseudonym. *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011). Thus, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

        2.    Application

Plaintiff contends that, because she was the victim of a sexual assault, which was very traumatizing, the public knowledge of her identity, victimization and trauma would be "extremely triggering" of her physical and mental injuries. Dkt. 11-1 at 6. Plaintiff contends that as a result of the alleged attack, she suffers from PTSD, extreme fear, anxiety, and humiliation. *Id.* Plaintiff contends that she has a substantial concern about the public knowing her true identity and the trauma that she experienced. *Id.* Further, Plaintiff contends that the public interest also weighs in favor of allowing her to proceed under a pseudonym because requiring her to use her actual name would deter other victims from coming forward with similar claims. *Id.* (citing *Ocean S. v. L.A. Cnty.*, 2021 U.S. Dist. LEXIS 213599, at *12 (C.D. Cal. 2023)). Plaintiff does not contend that she will face any retaliation as a result of her name being disclosed.

The allegations of sexual assault and the effect on Plaintiff if they were to become public, favors allowing her to proceed anonymously. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allegations of sexual assault favor allowing the plaintiff to proceed anonymously).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:24-02226-JAK (SPx) | Date | December 30, 2024 |
|----------|-------------------------|------|-------------------|
| Title | Jane Doe et al. v. Tesla Inc. et al. | | |

As to prejudice to the opposing party, there is no showing of such an effect. None of the Defendants opposed the Motion. Accordingly, there is no basis to conclude that granting the Motion would cause prejudice to any of them. This weighs in favor of granting the Motion.

As to the public's interest in knowing the party's identity, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Penzato*, 2011 WL 1833007, at *5 (quotation omitted). Indeed, courts recognize that "plaintiffs may be permitted to proceed anonymously where there are allegations of sexual assault, and they may fear public exposure and the stigma of having been victim to such a crime." *Id.* (collecting cases).

Based on the foregoing, it is determined that Plaintiff has sufficiently established that her need for anonymity outweighs any prejudice to the Defendants and public's interest in knowing her identity. Accordingly, the Motion is **GRANTED**.

        B.      Application for Leave to File Complaint Under Seal and Submit a Corrected Complaint

             1.      <u>Legal Standard</u>

In the Ninth Circuit, there is a "strong presumption" in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (collecting cases). Local Rule 79-5.2 provides that no case or document may be filed under seal without first obtaining approval by the Court. Each application to file a document under seal but be accompanied with a declaration establishing good cause or demonstrating why the strong presumption of public access in civil cases should be overcome. L.R. 79-5.2.1(a)(ii).

             2.      <u>Application</u>

In the Application, Plaintiff contends that there is good cause to permit her to seal the originally filed Complaint and file a corrected one under the pseudonym Jane Doe. The basis for this request is the same that has been discussed with respect to her proceeding under that pseudonym. Dkt. 19 at 5. The Application includes the declaration of Plaintiff's counsel, who declares that Plaintiff's real name was inadvertently identified in the signature block on page 24 of the Complaint. Dkt. 19-1 at 2. Because the Motion has been granted, there is also good cause to seal the Complaint so that Plaintiff's actual name is not disclosed on the docket, and to permit the filing of an amended complaint in which her actual name is not stated, and she is instead identified as "Jane Doe." Further, as noted, there has been no opposition by any of the Defendants to the Application. Accordingly, the Application is **GRANTED**.

**IV.**    <u>**Conclusion**</u>

For the reasons stated in this Order, the Motion is **GRANTED**, and the Application is **GRANTED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 5:24-02226-JAK (SPx) | Date | December 30, 2024 |
|----------|-------------------------|------|-------------------|
| Title | Jane Doe et al. v. Tesla Inc. et al. | | |

Initials of Preparer      _____ : _____

DT