UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al., <br>               Plaintiffs, <br>      v. <br> TESLA INC., et al., <br>               Defendants. | Case No. 5:24-cv-02226-JAK-SPx <br><br> **NOTICE TO THE PARTIES** |

      Between about November 29 and December 2, 2024, certain securities were distributed to me as part of an inheritance.  As a result, I came to own stock in Tesla, Inc. My ownership of this stock has not affected or impacted any decision in this case.

      Although my ownership of this stock would ordinarily require recusal, Canon 3C(4) of the Code of Conduct for United States Judges states that a judge is not disqualified because of "a financial interest in a party" if the judge "divests the interest that provides the grounds for disqualification," unless the interest could be substantially affected by the outcome of the proceeding.  Advisory Opinion No. 69 from the Judicial Conference's Committee on Codes of Conduct explains that a judge may divest the disqualifying interest under Canon 3C(4) at the beginning of the case, after the judge has spent substantial time on the case, or any time in between.

Based on the issues presented in this case, I have concluded that my interest in Tesla, Inc. could not be substantially affected by the outcome of the proceeding, and I have now divested my interest. Further, the public interest will be served by my continuing to preside over this case because it will avoid having the matter reassigned to another judge.

Dated: <u>January 2, 2025</u>

_____
SHERI PYM
United States Magistrate Judge