UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC., et al.,<br><br>Defendants. | Case No. 5:24-cv-02226-JAK (SPx)<br><br>**ORDER CONTINUING HEARING AND DIRECTING BRIEFING RE JURISDICTION** |

For the reasons stated in this Order, the January 5, 2025 hearing on Plaintiff's Motion to Amend (Dkt. 57 (the "Motion")) is continued to January 12, 2026, at 8:30 a.m., with a precise time to be determined when the final calendar issues for that date. Based on a review of the Motion, this continuance is necessary to provide time for briefing with respect to whether there is jurisdiction over the non-class claims advanced by Plaintiff. This process is warranted because a "federal court has a duty to consider jurisdiction *sua sponte*." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). Subject matter jurisdiction is "not a waivable matter and may be raised at anytime" by the parties or the Court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Plaintiff alleges that there is jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). The claims on behalf of the putative class are made only against Tesla, Inc. ("Tesla"). The remaining non-class claims are alleged against Brookfield Properties (USA II) LLC d/b/a Galleria at Tyler ("Tyler Mall"), Jabari Barton Marquis ("Marquis"), and Universal Protection Services, LC d/b/a Allied Universal Security Services ("Universal") are of whom are alleged to be California citizens. Dkts. 1, 57. All of the causes of action in the Complaint (Dkt. 1) and proposed Amended Complaint (Dkt. 57) arise under California law.

Similar jurisdictional issues were presented in *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 (11th Cir. 2016); *In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 465 (S.D.N.Y. 2013), *adhered to on denial of reconsideration*, No. 13-CV-1419, 2013 WL 6182949 (S.D.N.Y. Nov. 18, 2013), and *aff'd*, 788 F.3d 98 (2d Cir. 2015); and *Watson v. City of Allen, Tx.*, 821 F.3d 634, 638 (5th Cir. 2016).

On or before January 7, 2026, at 5:00 p.m., each party shall file a brief not to exceed seven pages that addresses whether there is federal subject matter

jurisdiction over Plaintiff's individual, non-class claims against Tyler Mall, Marquis and Universal.

**IT IS SO ORDERED.**

Dated: December 31, 2025

John A. Kronstadt
United States District Judge